Filed 9/24/14  P. v. Conley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, | C075672 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F06642) |
| v. | |
| CHAD MASEO CONLEY, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

An information charged defendant Chad Maseo Conley with two counts of being a felon in possession of a firearm (counts one & two; Pen. Code, § 29800, subd. (a)(1))[1] and one count of being a felon in possession of an assault rifle (count three; § 30605, subd. (a)).

Defendant pled no contest to count two in return for a stipulated three-year upper term state prison sentence, to run concurrently with time he was currently serving in Yolo

---

[1]     Undesignated statutory references are to the Penal Code.

1

County, and the dismissal of the remaining counts. The parties stipulated that on or about September 29, 2012, in Sacramento County, defendant, who had previously been convicted of violating Health and Safety Code section 11378, owned a Smith & Wesson .38-caliber revolver.

The trial court thereafter imposed the agreed-upon sentence, including three years of postrelease community supervision. The court awarded defendant 36 days of presentence custody credits (18 actual days and 18 conduct days). The court imposed a $240 restitution fine (§ 1202.4, subd. (b)), a suspended parole revocation restitution fine in the same amount (§ 1202.45), a $30 court facility fee (Gov. Code, § 70373), and a $40 court security assessment (§ 1465.8).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

However, we must remand the matter to the trial court with directions to strike the suspended parole revocation restitution fine. That fine may be imposed only when a defendant's sentence "includes a period of parole." (§ 1202.45.) Defendant's present offense is not among those for which a period of parole is mandated (§ 3000.08, subd. (a)), and the court expressly subjected him instead to a period of postrelease community supervision upon the completion of his prison term. (§ 3000.08, subd. (b).) Therefore, a suspended parole revocation restitution fine may not be imposed here.

**DISPOSITION**

The matter is remanded to the trial court with directions to prepare a corrected abstract of judgment that deletes the fine under section 1202.45 and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

                                  BLEASE           , J.

We concur:

      RAYE           , P. J.

      HULL           , J.